**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TYDEN GRAVERSON | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-4786 |
| | ) |
| WESTFIELD RESTAURANT GROUP LLC | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT FOR DAMAGES – WITH JURY DEMAND**

Plaintiff Tyden Graverson, by counsel, for his Complaint against Defendant Westfield Restaurant Group LLC, states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA) and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 42 U.S.C. § 12117(a), and 29 U.S.C. § 2617(a)(2).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff Tyden Graverson is a citizen of the United States and the State of Indiana, and at all relevant times was a resident of Marion County, Indiana.

4. Westfield Restaurant Group LLC ("WRG") is a for-profit limited liability company, with its principal office located at 555 East Main Street, Westfield, Indiana, 46074.

## FACTS COMMON TO ALL COUNTS

5. Graverson began working as an employee for WRG in 2016.

6. WRG handles both indoor and outdoor concessions and catering at Grand Park in Westfield, Indiana.

7. Graverson's work included: creating the work schedule for the concessions stands, training employees, bartending at private events, and running operations.

8. On or around September 18, 2018, Jeremiah Hammon, who was in charge of overseeing operations, terminated Bob Taylor, the General Manager for poor performance.

9. Shortly thereafter, Hammon required Graverson to take on many of the General Manager's duties.

10. When Graverson assumed many of Taylor's former duties, Graverson took on an increased workload with no additional pay.

11. Graverson was told not to ask about health insurance or he would lose his job.

12. At this time, Graverson was working approximately sixty-five hours per week and managing approximately forty-five employees.

13. All of this stress caused a flair up of Graverson's bipolar disorder and on September 25, 2018, Graverson emailed Shannessy McClure, who effective did the Company's Human Resources, and Troy Butler, an employee who had been brought in by Taylor, and told them that he needed time off because of his disability.

14. WRG refused to engage in the interactive process and refused to accommodate Graverson's disability.

15. On September 27, 2018, Jeremiah Hammon texted Graverson, "Quit with no notice. Wow."

16. Graverson responded and told Hammon that he never quit, nor walked out, but simply required an accommodation for his disability.

17. Nevertheless, WRG terminated Graverson's employment because of his disability.

## ADMINISTRATIVE PROCEDURES

18. On July 23, 2019, Graverson filed a timely charge alleging disability discrimination against WRG with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2019-03629. A true and accurate copy of the charge is attached hereto as Exhibit 1.

19. The EEOC had jurisdiction over Graverson's charge, and on September 12, 2019, it issued Graverson Notice of his Right to Sue which was received on or about September 16, 2019. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit 2.

20. Graverson has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including December 15, 2019 to file his Complaint, which time has not passed.

## COUNT I - DISABILITY DISCRIMINATION

21. All preceding paragraphs are incorporated herein by reference.

22. Graverson is a qualified individual with a disability under the ADA as amended by the ADAAA.

23. Graverson has a record of a disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA.

24. During the course of his employment with Defendant, Graverson was an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. § 12111(4), as amended by the ADAAA.

25. WRG employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as amended by the ADAAA.

26. Defendant engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it refused to provide Graverson with a reasonable accommodation.

27. Defendant further engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it terminated Graverson because of his disability, record of disability, and perceived disability.

28. Defendant engaged in discriminatory treatment of Graverson on the basis of disability and acted with malice or reckless disregard of Graverson's rights as a disabled employee in violation of the ADA, as amended by the ADAAA.

## COUNT II - FMLA VIOLATION

29. All preceding paragraphs are incorporated herein by reference.

30. Graverson was an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2).

31. WRG employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

32. In September 2018, Graverson suffered a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

33. Defendant failed to inform Graverson of his rights under the FMLA and failed to allow him to take protected leave under the FMLA.

34. Defendant has willfully and intentionally interfered with Graverson's rights under the FMLA by failing to provide him with protected leave and instead terminating his employment.

**WHEREFORE**, Plaintiff Tyden Graverson prays for the judgment of this Court against Defendants as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's violations of the FMLA and ADAAA;

B. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violations of the FMLA were willful;

C. An order directing the Defendant to reinstate the Plaintiff;

D. In the event the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of Defendant, an award of damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant;

E. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the emotional pain (sleeplessness, anxiety, stress, and depression), inconvenience, injury to professional standing, injury to character and reputation, injury to credit standing, loss of health, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct;

F. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which were either malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct;

G. An award of attorneys' fees and cost;

H. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

s/Quincy E. Sauer
Quincy E. Sauer, Atty. No. 27320-49
Attorney for Plaintiff Tyden Graverson

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
Email: qsauer@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

                                    Respectfully submitted,

                                    **MACEY SWANSON LLP**

                                    s/Quincy E. Sauer
                                    Quincy E. Sauer, Atty. No. 27320-49
                                    Attorney for Plaintiff Tyden Graverson

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
Email: qsauer@maceylaw.com